# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>QUINCY LEAFSTEDT,<br><br>    Defendant. | Case No. 3:15-cr-00047-SLG |

## ORDER RE § 2255 MOTION

Before the Court at Docket 37 is Defendant Quincy Leafstedt's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. The Government filed a response at Docket 39.

## BACKGROUND

On May 20, 2015, Quincy Leafstedt was indicted on charges related to child pornography.[1] Mr. Leafstedt ultimately pleaded guilty to one count of possession of child pornography.[2] Applying the United States Sentencing Commission's Federal Sentencing Guidelines, the Presentence Report calculated Mr. Leafstedt's total offense level at 30.[3] At sentencing, the Court adopted the guidelines calculation set out in the Presentence

---

[1] Docket 2 (Indictment). Mr. Leafstedt was charged with three counts of distribution and receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2).

[22] Docket 22 (Plea Agreement) at 3. Mr. Leafstedt's plea agreement waived the right to an appeal of the conviction and the right to a collateral attack of the conviction or sentence, with the exception of a collateral attack based on ineffective assistance of counsel or lack of voluntariness of the guilty plea. Docket 22 at 16–17. Nevertheless, the Court will address the merits of Mr. Leafstedt's claim, because it is clear that no sentencing error occurred.

[3] Docket 27 (PSR) at 19, ¶ 46.

Report.[4]  On February 28, 2017, the Court sentenced Mr. Leafstedt to a below guidelines term of 75 months' imprisonment.[5]

## DISCUSSION

Mr. Leafstedt asserts that he should have received "a 2 level downward departure based on United States Sentencing Guidelines § 2G2.2(b)(1) which provides for a . . . 2 level reduction in the Base Offense Level in light of there having [been] no 'distribution' of unlawful images under the circumstances of his case."[6]  Mr. Leafstedt "contends that such a 2 level reduction in the Base Offense Level was not provided, and that he is so entitled to receive it."[7]  U.S.S.G. § 2G2.2(b)(1) provides:

> If (A) subsection (a)(2) applies; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease [the offense level] by 2 levels.[8]

By its own language, § 2G2.2(b)(1) only allows for a 2 level decrease if § 2G2.2(a)(2) applies.  Section 2G2.2(a) provides:

> (a) Base Offense Level:
>
> (1) 18, if the defendant is convicted of 18 U.S.C. § 1466A(b), § 2252(a)(4), § 2252A(a)(5), or § 2252A(a)(7).
>
> (2) 22, otherwise.

---

[4] *See* Docket 36 (Statement of Reasons) at 1.  The guidelines range was determined to be between 97 and 120 months.  Docket 27 at 1, 27.

[5] Docket 35 (J.) at 2.

[6] Docket 37 at 1.

[7] Docket 37 at 2.

[8] This provision is contained in the 2016 Guidelines, which are applicable in this case.  *See* 18 U.S.C. § 3553 (a)(4)(A)(ii) (instructing district courts to apply Guidelines that are "in effect on the date the defendant is sentenced").

Thus, the 2 level reduction provided for by § 2G2.2(b)(1) only applies when a defendant's base offense level is 22. However, Mr. Leafstedt pleaded guilty to a violation of § 2252(a)(4), and therefore his base offense level was 18.[9] Accordingly, he was not entitled to the 2 level decrease provided in § 2G2.2(b)(1).

Furthermore, Mr. Leafstedt did not receive an increase in offense level for distribution. As the PSR states under Specific Offense Characteristics:

> If the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E), the offense level is increased by two levels. U.S.S.G. 2G2.2(b)(3)(F). In this case, although Leafstedt was using a peer-2-peer sharing system and the FBI SA was able to download a series of videos from Leaftstedt's [sic] computer, there has been no evidence submitted to verify that Leafstedt "knowingly" distributed the videos/images; therefore, there is no increase.[10]

The PSR lists the number "0" as the total level enhancement for distribution.[11] Therefore, Mr. Leafstedt's offense level contained in the PSR and adopted by the Court at sentencing was correct.

## CONCLUSION

In light of the foregoing, Defendant's Motion to Correct at Docket 37 is DENIED.

DATED this 2nd day of April, 2018.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] Docket 27 at 17, ¶ 34.

[10] Docket 27 at 17, ¶ 36.

[11] Docket 27 at 17, ¶ 36.