IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

QUINCY LEAFSTEDT,

        Defendant.

Case No. 3:15-cr-00047-SLG

**ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE**

Before the Court at Docket 58 is defendant Quincy Leafstedt's Renewed Motion for Compassionate Release. The Court previously denied without prejudice Mr. Leafstedt's first motion for compassionate release for failure to exhaust his administrative remedies.[1] The government opposed Mr. Leafstedt's first motion at Docket 50; because Mr. Leafstedt's substantive arguments have not changed from his first motion, no response from the government is necessary to the Court's determination of the renewed motion. The U.S. Probation Office filed a Compassionate Release Investigation report at Docket 54.

On February 28, 2017, this Court sentenced Mr. Leafstedt to 75 months in prison after he pleaded guilty to one count of Possession of Child Pornography.[2] Mr. Leafstedt is currently housed at FCI Terminal Island in California and has a

---

[1] Docket 57.

[2] Docket 35.

projected release date of August 15, 2021.[3]  Mr. Leafstedt seeks an order "impos[ing] a reduced sentence of time-served and plac[ing] him on home confinement as a condition of supervised release for one year."[4]

The government maintains that the motion should be denied because Mr. Leafstedt has not provided evidence that he is an at-risk individual for COVID-19 and thus has not established "extraordinary and compelling" reasons to justify a sentence reduction and because "the balance of 3553(a) factors argue for the defendant's continued confinement."[5]  The U.S. Probation Officer who completed the Compassionate Release Investigation in Mr. Leafstedt's case recommended granting Mr. Leafstedt's request for a reduction in sentence at this time.[6]

**I.   Applicable law**

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[7]  18 U.S.C. § 3582(c)(1)(A) requires that a defendant "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt

---

[3] Fed. Bureau of Prisons inmate locator (www.bop.gov/inmateloc/) (last accessed July 7, 2020).

[4] Docket 48 at 4; Docket 58 at 4.

[5] Docket 50 at 2, 12.

[6] Docket 54 at 2.

[7] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194.  Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Renewed Motion for Compassionate Release
Page 2 of 8
Case 3:15-cr-00047-SLG   Document 62   Filed 07/16/20   Page 2 of 8

of such a request by the warden of the defendant's facility, whichever is earlier . . . ." If the defendant has exhausted their administrative rights, a district court must consider the motion on the merits. The relevant considerations are the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[8] If a court finds that the § 3553(a) factors warrant a sentence reduction, the court must then find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[9]

## II. Exhaustion of administrative rights

Mr. Leafstedt asserts that he "submitted a compassionate release request to the warden of Terminal Island FCI on or about May 31, 2020" and that "he received a denial on or about June 9, 2020."[10] Mr. Leafstedt maintains that he has satisfied the exhaustion requirement either through the warden's denial of his request or because "more than 30 days have elapsed from the date Mr. Leafstedt submit[ted] his request."[11]

---

[8] In *Pepper v. United States*, 562 U.S. 476, 490-93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set side on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] Docket 58 at 5. Mr. Leafstedt's counsel has not been able to obtain a copy of the denial.

[11] Docket 58 at 5.

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Renewed Motion for Compassionate Release
Page 3 of 8
Case 3:15-cr-00047-SLG   Document 62   Filed 07/16/20   Page 3 of 8

It appears that Mr. Leafstedt may have satisfied the exhaustion requirement. However, the Court need not determine if the administrative exhaustion requirement has been met or can be or should be excused, because the Court finds that even if Mr. Leafstedt met this requirement, he has not shown that a reduction in sentence is warranted.

## III. Section 3553(a) factors

Mr. Leafstedt acknowledges that "the circumstances of the present offense qualified Mr. Leafstedt for the serious sentence this Court originally imposed" but asserts that "the sentencing purpose of just punishment does not warrant a sentence that includes exposure to a life-threatening illness" and that the COVID-19 pandemic is an "overriding factor under § 3553(a) that was not present at the time of sentencing."[12] In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court assesses the continued validity of the imposed sentence in light of the COVID-19 pandemic. Here, in considering the § 3553(a) factors, the Court finds that they do not support a reduction in sentence. Mr. Leafstedt's criminal conduct involved his downloading "over 6,000 images and 80 videos of which some of the described content involved bestiality with small children, sadomasochism, and sexual abuse of toddlers[.]"[13] Mr. Leafstedt has not identified how he would comply with the requirements that he

---

[12] Docket 58 at 10. Mr. Leafstedt cites to the Eighth Amendment's prohibition on cruel and unusual punishment but does not develop a constitutional argument. Docket 58 at 10.

[13] Docket 27 at 1.

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Renewed Motion for Compassionate Release
Page 4 of 8
Case 3:15-cr-00047-SLG   Document 62   Filed 07/16/20   Page 4 of 8

complete sex offender treatment and have no contact with minors without adult supervision, particularly in light of the presentence report's assessment that "as an untreated sex offender, Leafstedt poses a risk of danger to minor children in the community" and the Compassionate Release Investigation's determination that "[t]he defendant poses a risk to the public based on the nature of the instant offense."[14] Mr. Leafstedt proposes to reside with his mother, but she currently lives in an extended-stay long-term hotel and at present has no permanent housing arranged.[15] This lack private housing means that Mr. Leafstedt and his mother have no control over minors being present in and around the hotel. Mr. Leafstedt fled the state of Alaska for Oregon soon after a search warrant was executed on his home and "avoided law enforcement's attempts to locate him for more than a year."[16] Accordingly, Mr. Leafstedt's transition back in to the community will need to be heavily monitored, which may not be feasible in the midst of this pandemic.[17] Moreover, Mr. Leafstedt has already received a downward variance due to the Court's consideration of the § 3553(a) factors at the time of his sentencing, and he has not presented evidence of post-sentencing rehabilitation to date that would

---

[14] Docket 35 at 5; Docket 27 at 2; Docket 54 at 2.

[15] Docket 54 at 2.

[16] Docket 31 at 6.

[17] The Compassionate Release Investigation indicates that the U.S. Probation Office in the District of Idaho has agreed to supervise Mr. Leafstedt were he to be released. Docket 54 at 1.

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Renewed Motion for Compassionate Release
Page 5 of 8
Case 3:15-cr-00047-SLG   Document 62   Filed 07/16/20   Page 5 of 8

justify a further reduction in sentence.[18]  In light of the foregoing, the Court finds that the sentence imposed reflects the seriousness of the offense, promotes respect for the law, affords adequate deterrence, protects the public, and provides just punishment.[19]

## IV.     Extraordinary and compelling reasons

A district court cannot reduce a sentence unless it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[20]   The  relevant policy statement, U.S.S.G. § 1B1.13, sorts extraordinary and compelling reasons into four categories: (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, and (4) other reasons as determined by the director of the BOP that amount to extraordinary and compelling reasons, other than or in combination with the previous three categories.  Whether the policy statement is binding or merely provides guidance to courts is a matter of disagreement among district courts.[21]

---

[18] Docket 36 at 1, 3 (under seal) (determining Guidelines range to be 97 to 120 months).

[19] 18 U.S.C. § 3553(a)(2).

[20] 18 U.S.C. § 3582(c)(1)(A).

[21] *Compare, e.g.*, *United States v. Beck*, 2019 WL 2716505 at *6 (M.D. N.C. June 28, 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)") *with United States v. Shields*, 2019 WL 2359231 at *4 (N.D. Cal. June 4, 2019) (rejecting argument that the court may disregard § 1B1.13 because it has not yet been amended pursuant to the First Step Act); *see also United States v. Schmitt*, 2020 WL 96904 at *3, Case No. CR12-4076-LTS (N.D. Iowa Jan. 8, 2020) (listing cases split on whether

However, the Court need not determine whether § 1B1.13 is binding or advisory because it would reach the same conclusion in this case regardless of the application of the policy statement.

Mr. Leafstedt, who is only 31 years old, asserts that "he is classified as obese, with a BMI [body mass index] of 41.3."[22] This BMI is based on that Mr. Leafstedt's report to his attorney that he currently weighs 280 pounds.[23] Mr. Leafstedt maintains that his obesity "substantially diminishes" his ability to "provide self-care within the environment of a correctional facility and from which [he] is not expected to recover."[24] Mr. Leafstedt also stresses that FCI Terminal Island is "a facility which is experiencing some of the worst—and deadliest—outbreaks of COVID-19 in the entire BOP system."[25]

Mr. Leafstedt has not demonstrated that his purported obesity constitutes an "extraordinary and compelling" reason to grant him a reduction in sentence. Although Mr. Leafstedt cites to medical articles to support his claim that obesity is

---

the policy statement is binding).

[22] Docket 48 at 25; Docket 58 at 3, 9. The government asserts that "the defendant's last reported weight was 260 pounds [which] results in a BMI of 38.4. This BMI falls below the CDC level determined to be a risk factor for COVID-19 patients." Docket 50 at 24–25. *See also* Docket 60 (medical record showing Mr. Leafstedt's weight to be 260 pounds as of October 2019). The Presentence Report, prepared in 2017, indicated that Mr. Leafstedt's adult weight had fluctuated between 180 and 250 pounds. Docket 27 at 23.

[23] Docket 58 at 9, fn. 11.

[24] Docket 58 at 7 (quoting U.S.S.G. § 1B1.13, comment 1(A)(ii)(I)).

[25] Docket 48 at 1.

a common factor for COVID-19 patients who have required hospital admittance,[26] Mr. Leafstedt has not demonstrated that obesity—as it affects him—elevates his risk of death or serious illness from COVID-19. Mr. Leafstedt has also not demonstrated that he suffers from any other pre-existing conditions that are COVID-19 risk factors, and the generalized risks of COVID-19 do not independently justify compassionate release.[27]

In light of the foregoing, IT IS ORDERED that the motion at Docket 58 is DENIED.

DATED this 16th day of July, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[26] *See* Docket 48 at 24–25; Docket 58 at 9 (listing articles and studies).

[27] Mr. Leafstedt cites to *United States v. Delgado*, 2020 WL 2464685 (D. Conn. 2020). See Docket 58 at 9. There, the District Court found that the defendant's severe obesity and severe obstructive sleep apnea made him "extremely vulnerable to serious health complications should COVID-19 reach him" and thus warranted a time-served sentence followed by a five-year term of home incarceration. The record here does not support such a finding as to Mr. Leafstedt. And in *Delgado*, the underlying charge was for conspiracy to distribute cocaine, and the Court found that, unlike Mr. Leafstedt, the defendant would not be a danger to the community if released to home incarceration.

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Renewed Motion for Compassionate Release
Page 8 of 8
Case 3:15-cr-00047-SLG   Document 62   Filed 07/16/20   Page 8 of 8