**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| QUINCY LEAFSTEDT, | Case No. 3:15-cr-00047-SLG |
| Defendant. | |

**ORDER REGARDING MOTION FOR RECONSIDERATION**
**(COMPASSIONATE RELEASE)**

Before the Court at Docket 63 is defendant Quincy Leafstedt's Motion for Reconsideration. Mr. Leafstedt seeks reconsideration of the Court's order at Docket 62, in which the Court denied Mr. Leafstedt's motion for compassionate release because the 18 U.S.C. § 3553(a) factors did not support a reduction in sentence and because Mr. Leafstedt had not shown that his obesity constituted extraordinary and compelling reasons for release.[1] The government responded in opposition to the Motion for Reconsideration at Docket 65. The U.S. Probation Office filed an updated Compassionate Release Investigation report at Docket 70.

**I.      Applicable law**

---

[1] Docket 62 at 4–8.

Local Rule 47.1 permits reconsideration if the moving party shows a "manifest error of the law or fact," "discovery of new material facts not previously available," or an "intervening change in the law."[2] The government contends that the "new facts" asserted in Mr. Leafstedt's motion for reconsideration "are not material because they do not change the Court's analysis in its prior denial" of compassionate release.[3] However, the Court finds that Mr. Leafstedt has shown "new material facts" that were not provided to the Court in Mr. Leafstedt's previous motion and will consider the motion on the merits.[4]

## II. Extraordinary and compelling reasons

Mr. Leafstedt asserts that he is obese, with a body mass index (BMI) of 41.3.[5] The Court previously concluded that Mr. Leafstedt had not demonstrated that his obesity constituted an extraordinary and compelling reason for compassionate release. Mr. Leafstedt now points to the Centers for Disease Control and Prevention (CDC), which has updated its COVID-19 guidelines to state that people with a BMI of 30 or more are considered to be at greater risk of hospitalization or death from COVID-19.[6] Mr. Leafstedt also asserts that he has

---

[2] D. Ak. Loc. Crim. R. 47.1(g)(1).

[3] Docket 65 at 5. Incidentally, the government itself did not comply with the local rule, which limits responses to motions to reconsider to five pages. D. Ak. Loc. Crim. R. 47.1(g)(3).

[4] *See* Dockets 63, 66-1, 68-1, 71-1.

[5] Docket 48 at 25; Docket 58 at 3, 9.

[6] Docket 63 at 2–3. *See* CDC, *People with Certain Medical Conditions* (available at www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Motion for Reconsideration (Compassionate Release)
Page 2 of 10
Case 3:15-cr-00047-SLG   Document 72   Filed 08/17/20   Page 2 of 10

recently been diagnosed with hypertension.[7] Mr. Leafstedt maintains that his obesity and hypertension are extraordinary and compelling reasons for the Court to grant compassionate release, and he cites to other district courts that have granted compassionate release to inmates with hypertension.[8] For purposes of the motion to reconsider, the Court assumes without deciding that Mr. Leafstedt's combination of obesity and hypertension may constitute "extraordinary and compelling reasons" for compassionate release pursuant to 18 U.S.C. § 3582(c).

## III.  18 U.S.C. § 3553(a) factors

In considering the § 3553(a) factors, a court "should assess whether [they] outweigh the 'extraordinary and compelling reasons' warranting compassionate release."[9] The Court finds the applicable § 3553(a) factors continue to outweigh Mr. Leafstedt's health conditions for several reasons:

(1) Mr. Leafstedt had not identified how he would comply with the requirements that he complete sex offender treatment and have no contact with minors without adult supervision, particularly in light of the presentence report's assessment that "as an untreated sex offender, Leafstedt poses a risk of danger to minor children in the community" and the Compassionate Release Investigation's determination that "[t]he defendant poses a risk to the public based on the nature of the instant offense."

---

conditions.html#obesity) (updated July 30, 2020) (last accessed Aug. 13, 2020).

[7] Docket 63 at 3.

[8] Docket 63 at 3.

[9] *United States v. Ebbers*, 432 F.Supp.3d 421, 431 (S.D.N.Y. 2020).

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Motion for Reconsideration (Compassionate Release)
Page 3 of 10
Case 3:15-cr-00047-SLG   Document 72   Filed 08/17/20   Page 3 of 10

There is no evidence in the record that Mr. Leafstedt has engaged in any sex offender treatment or other rehabilitative programming specific to child pornography offenders. In his 2017 sentencing memorandum, Mr. Leafstedt asserted that "[a] 48-month prison term is ample time for Mr. Leafstedt to complete all sex offender treatment available in the Bureau of Prisons."[10] It has now been more than 40 months since Mr. Leafstedt was sentenced, yet he does not appear to have begun any sex offender treatment. The Court notes that FCI Terminal Island does not appear to have a formal sex offender treatment program.[11] But there is no indication in the record as to any efforts Mr. Leafstedt has made during the past several years to obtain treatment while incarcerated. And while the Probation Office in the District of Alaska recommended granting compassionate release, it also concluded that Mr. Leafstedt poses a risk to the public "based on the nature of the instant offense."[12] The applicable policy statement of the Sentencing Commission for a reduction in sentence under §

---

[10] Docket 29 at 14. In his sentencing memorandum, Mr. Leafstedt also asserted that "The non-residential Sex Offender Management Program, available at various facilities across the country, is normally completed within six months. The residential Sex Offender Treatment Program, available only at F.C. Devens in Massachusetts, is normally completed in 12 to 18 months. Mr. Leafstedt asks that the Court recommend to the Bureau of Prisons that he be considered for both programs." Docket 29 at 14–15. The BOP's website states that the non-residential treatment program takes 9–12 months to complete. BOP, *Sex Offenders: Treatment Programs*, available at www.bop.gov/inmates/custody_and_care/sex_offenders.jsp (last accessed Aug. 14, 2020).

[11] BOP, *Sex Offenders: Treatment Programs*, available at www.bop.gov/inmates/custody_and_care/sex_offenders.jsp (see map) (last accessed Aug. 14, 2020).

[12] Docket 70 at 2.

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Motion for Reconsideration (Compassionate Release)
Page 4 of 10
Case 3:15-cr-00047-SLG   Document 72   Filed 08/17/20   Page 4 of 10

3582(c)(1)(A) requires a determination that "[t]he defendant is not a danger to the safety of any other person or to the community." This is at odds with the Probation Officer's finding. While Mr. Leafstedt may commence sex offender treatment if released to home confinement in Idaho, unless and until he successfully completes such treatment, he is a danger to the safety of minor children. This factor alone outweighs Mr. Leafstedt's health-related reasons for release at this time.

> (2) Mr. Leafstedt proposed to reside with his mother, but she lived in an extended-stay long-term hotel and had no permanent housing arranged. This lack of private housing meant that Mr. Leafstedt and his mother had no control over minors being present in and around the hotel.

Mr. Leafstedt asserts that his mother "has since relocated to permanent (private) housing" in Idaho.[13] The U.S. Probation Office in the District of Idaho recently investigated Mr. Leafstedt's mother's home in Lewiston, Idaho, and "[t]he home was deemed appropriate[.]"[14] Surveillance of Mr. Leafstedt in 2015 "tend[ed] to confirm that . . . Leafstedt had limited contact with children, and did not appear to be frequenting places where children gathered."[15] The Probation Office also assessed Mr. Leafstedt's mother "as being a positive support for the defendant."[16]

---

[13] Docket 63 at 1.

[14] Docket 70 at 2.

[15] Docket 27 at 2.

[16] Docket 70 at 2.

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Motion for Reconsideration (Compassionate Release)
Page 5 of 10
Case 3:15-cr-00047-SLG   Document 72   Filed 08/17/20   Page 5 of 10

However, Mr. Leafstedt committed his offense while living in a home with his then-girlfriend, indicating that residing with another person does not necessarily prevent him from engaging in criminal conduct.[17] As an untreated sex offender, Mr. Leatstedt would be a danger to minor children even if residing with his mother.

(3) Mr. Leafstedt fled the state of Alaska for Oregon soon after a search warrant was executed on his home and "avoided law enforcement's attempts to locate him for more than a year." Accordingly, Mr. Leafstedt's transition back into the community would need to be heavily monitored, which may not be feasible at this time.

Mr. Leafstedt maintains that his "travel to Oregon was not alleged to have qualified as obstructive conduct under U.S.S.G. § 3C1.1, and it does not appear that Mr. Leafstedt has been given an opportunity to dispute findings to that effect. It is improper to attribute Mr. Leafstedt's non-obstructive conduct as grounds for finding that he presents a danger to the public."[18] Despite the Presentence Report not penalizing Mr. Leafstedt for this conduct, the Court's Statement of Reasons for its sentence notes that he "[l]eft state of Alaska after search warrant and in absconder status."[19] However, even if the Court does not consider Mr. Leafstedt's history of

---

[17] *See United States v. Mitchell*, Case No. 2:12-CR-0401 KJM, 2020 WL 2770070, at *4 (E.D. Cal. May 28, 2020) (noting that child pornography defendant "committed his crime at home while residing with his wife; it is this home where his wife still lives to which he asks to be released" and denying compassionate release).

[18] Docket 63 at 2, n.1.

[19] Docket 36 at 3 (under seal).

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Motion for Reconsideration (Compassionate Release)
Page 6 of 10
Case 3:15-cr-00047-SLG   Document 72   Filed 08/17/20   Page 6 of 10

leaving the state while knowing that he likely faced federal prosecution, it does not alter the Court's conclusion.

The Probation Office for the District of Idaho has agreed to supervise Mr. Leafstedt if he is released. Counterweighing this agreement to supervise is the Court's concern that, because possession of child pornography "does not require anything more than access to the internet. In today's society with smartphones, tablets, laptops, smart TVs, and countless other devices, it would not be possible to place [a child pornography defendant] in home confinement and eliminate his ability to engage in his prior criminal conduct."[20] Because this conduct can occur in home confinement, "effectively monitoring him would require repeated visits to his home. Such visits would enhance the risk of the spread of COVID-19 to [defendant], anyone living with him, and the individuals charged with monitoring his compliance."[21]

    (4) Mr. Leafstedt had already received a downward variance due to the Court's consideration of the § 3553(a) factors at the time of his sentencing, and he had not presented any reasons that would justify a further reduction in sentence.[22]

Mr. Leafstedt's Guidelines range was 97–120 months; the Court sentenced him to 75 months, almost two years less than the low end of the Guideline range despite

---

[20] *United States v. Miezin*, Case No. 1:13CR15, 2020 WL 1985042, at *5 (N.D. Ohio Apr. 27, 2020).

[21] *Id.* (emphasizing that "the pandemic and the CDC's recommended guidelines would only serve to make it more difficult to monitor Miezin's behavior in home confinement").

[22] Docket 36 at 3 (under seal).

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Motion for Reconsideration (Compassionate Release)
Page 7 of 10
Case 3:15-cr-00047-SLG   Document 72   Filed 08/17/20   Page 7 of 10

the nature of the crime. Notably, part of the Court's reason for the below-Guidelines sentence was Mr. Leafstedt's asserted "desire for treatment," which he has not yet engaged in.[23]

"[F]ederal courts have been disinclined to grant compassionate release to petitioners convicted of crimes involving child pornography, even for vulnerable petitioners during the COVID-19 pandemic, citing potential dangerousness."[24] Despite this trend, Mr. Leafstedt is entitled to an individualized review of his particular case and circumstances and "such a motion should not be denied simply because of the underlying offenses."[25] Accordingly, the Court has carefully reviewed Mr. Leafstedt's newly presented information and agrees that it tends to move the scale in his favor. The Court also recognizes that Mr. Leafstedt's underlying conduct did not involve him having any physical contact with minors.

---

[23] Docket 36 at 3 (under seal).

[24] *Coleman v. United States*, Case No. 4:17-cr-69, 2020 WL 3039123, at *4 (E.D. Va. June 4, 2020) (listing cases). *See also See United States v. Mitchell*, 2020 WL 2770070, at *4 (E.D. Cal. May 28, 2020) (denying compassionate release because of child pornography petitioner's lack of rehabilitation and the absence of a detailed plan to prevent reoffending); *Turner v. United States*, Case No. 2:18-cr-128, 2020 WL 4370124, at *3 (E.D. Va. July 30, 2020) (finding that "a generalized recitation of supervision conditions for sex offenders is no substitute for a release plan that proactively addresses the risk of a subsequent offense"); *United States v. Webster*, Case No. 3:91CR138 (DJN), 2020 WL 618828, at *6–7 (E.D. Va. Feb. 10, 2020) (denying motion for compassionate release in part because defendant did not present evidence of rehabilitation to change assessment made at time of sentencing or to suggest he would not recidivate). *But see United States v. Sawicz*, Case No. 08-CR-287 (ARR), 2020 WL 1815851, at *3 (E.D.N.Y. Apr. 10, 2020) (granting compassionate release to child pornography defendant with hypertension after finding that that "he would pose little, if any, risk to the public").

[25] *Coleman v. United States*, Case No. 4:17-cr-69, 2020 WL 3039123, at *4 (E.D. Va. June 4, 2020).

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Motion for Reconsideration (Compassionate Release)
Page 8 of 10
Case 3:15-cr-00047-SLG   Document 72   Filed 08/17/20   Page 8 of 10

However, despite the new information, the Court finds that the nature and circumstances of Mr. Leafstedt's child pornography offense, which involved particularly vulnerable victims, weigh heavily in favor of him remaining in custody. Of the thousands of images and dozens of videos of child pornography that Mr. Leafstedt downloaded, "a total of 56 of the images contained sadistic material and 143 of the images contained toddlers" including bound and blindfolded children being sexually assaulted, raped, and made to engage in bestiality.[26] The Court finds that the nature and circumstance of the offense, coupled with the lack of any rehabilitation and an inadequate release plan, necessitate Mr. Leafstedt completing his imposed sentence in order to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public, and provide just punishment.[27]

## CONCLUSION

Assuming that Mr. Leafstedt has shown "extraordinary and compelling" health-related reasons for a reduction in sentence, this Court must still deny his request for compassionate release because the § 3553(a) factors, in particular his danger to minor children, substantially outweigh Mr. Leafstedt's health conditions that support his release.

---

[26] Docket 27 at 15, 27 (under seal).

[27] 18 U.S.C. § 3553(a)(2). The Court has reviewed Mr. Leafstedt's "Individualized Reentry Plan" filed at Docket 71-1. That documents shows the Mr. Leafstedt's education courses include crochet and "beginning bridge" but show no classes aimed at reducing his risk of recidivism.

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Motion for Reconsideration (Compassionate Release)
Page 9 of 10

Case 3:15-cr-00047-SLG   Document 72   Filed 08/17/20   Page 9 of 10

In light of the foregoing, IT IS ORDERED that the motion to reconsider at Docket 63 is DENIED.

DATED this 17th day of August, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:15-cr-00047-SLG, *United States v. Leafstedt*
Order Re Motion for Reconsideration (Compassionate Release)
Page 10 of 10
Case 3:15-cr-00047-SLG   Document 72   Filed 08/17/20   Page 10 of 10